Chas. J. and Beryl D. Hundt v. Commissioner.
Hundt v. Commissioner
Docket No. 72364.
United States Tax Court
T.C. Memo 1961-81; 1961 Tax Ct. Memo LEXIS 269; 20 T.C.M. (CCH) 368; T.C.M. (RIA) 61081; March 23, 1961
Chas. J. Hundt, pro se. Ferd J. Lotz, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined a deficiency in petitioners' Federal income tax for the year 1956 in the amount of $1,097.12, arising by reason of respondent's disallowance of certain deductions taken in petitioners' joint return for that year which relate to the income earned by petitioner, Chas. J. Hundt, who will be sometimes hereinafter referred to as petitioner. The greater amount of these deductions has to do with petitioner's traveling expenses between Arlington, Virginia, and New York City and certain expenditures made by him in New York City. Petitioners are *270 not represented herein by counsel. It is difficult to ascertain from the unsatisfactory pleadings in this case the issues which petitioners may have wished to raise. As to some of the matters referred to in the petition no evidence was adduced at the trial. [1] The issues which both parties have assumed at the trial and on brief to be presented for our determination and upon which some testimony was offered may be stated as follows: (1) Whether respondent erred in disallowing certain deductions taken by petitioner on account of travel expenses (the amounts of which are not in dispute) from Arlington, Virginia, to New York City and return. (2) Whether respondent erred in disallowing $600 of a deduction of $1,200 taken on account of the payment of this latter sum concededly made by petitioner for the rent of an apartment in New York City during the taxable year. (3) Whether respondent erred in disallowing a deduction in the amount of $83.08 taken by petitioner on account of alleged payment of telephone charges. (4) Whether respondent erred in disallowing $1,150 of an amount deducted by petitioner as "[other] business expenses" which represented expenditures allegedly made by *271 petitioner on account of meals, entertainment, taxi fares, and general out-of-pocket expenses while in New York City. Findings of Fact Chas J. Hundt and Beryl D. Hundt are married and filed their joint Federal income tax return for the calendar year 1956 with the district director of internal revenue at Richmond, Virginia. Beryl has been employed in Washington, D.C., for approximately 15 years as a secretary in the U.S. Senate. Chas. was regularly employed in Washington from 1948 until 1952 when he became a freelance writer and director of industrial motion pictures and of motion pictures for the U.S. Air Force and other governmental agencies such as the FBI. For approximately 9 years Chas. and Beryl have maintained an apartment in Arlington, Virginia. As a freelance writer and director petitioner first obtains a contract with the industrial firm or governmental agency *272 that desires to have a film made. Firms having headquarters in New York City are comparatively more lucrative to work for so petitioner spent much of his work-seeking time there. After obtaining a contract petitioner travels to any location necessary for research or filming. During the taxable year petitioner did research and/or directing in New York City, Washington, D.C., Alabama, Florida, New Jersey, Minnesota, and Louisiana (where he worked for 2 1/2 months), under contracts with Gray-O'Reilly, Robert Lawrence Productions, MPO Productions, The Princeton Film Center, the FBI, Reid H. Ray Films, Vision Films, Jack Berch Productions, and Freeport Sulphur Mines. Petitioner sometimes directs the making of a motion picture "on location" and sometimes in a studio using a sound stage. Petitioner has used film studios in New York City, Washington, D.C., and California. During the taxable year petitioner directed the making of several motion pictures in a studio in New York City. Petitioner sometimes writes the film story or script while performing his researches and sometimes writes the story or script in Arlington, Virginia, after the research has been completed. The actual physical writing *273 takes a relatively short time in comparison with the time taken in mental composition, which may be and is done anywhere petitioner may happen to be. During the taxable year petitioner was in New York City for 175 days. In prior years he also spent a considerable time in New York City and stayed in hotels. During the taxable year and the 2 subsequent years he rented an apartment there in order to save money and paid an annual rental for it of $1,200. During the taxable year petitioner spent $1,070.27 on account of traveling expenses between New York City and Arlington, Virginia. During the taxable year petitioner spent the sum of $875 for meals, entertainment, taxi fares, and general out-of-pocket expenses while in New York City. Opinion KERN, Judge: This case involves the troublesome question of whether petitioner was "away from home" when he was carrying on his business activities in New York City. See Commissioner v. Flowers, 326 U.S. 465, 471. Even though the record herein is unsatisfactory (as the record frequently is when the taxpayer appears pro se), it is apparent that the business engagements of petitioner were temporary in nature, that they required *274 his presence in many different parts of the country, and that some part of his business income was derived from his activities in the Washington, D.C., area where he resided with his wife. In the two latter respects this case differs from I. Jay Green, 35 T.C. 764, (February 16, 1961), in which all of the taxpayer's business activity was carried on in and all of his business income was received from one locality. We conclude that petitioner's home for all purposes during the taxable year was in Arlington, Virginia, and that his traveling expenses from Arlington to New York and return, his expenses for lodging in New York, and the ordinary and necessary expenses paid by him there in carrying on his business were deductible under section 162(a)(2), Internal Revenue Code of 1954. We are not unmindful of the facts urged by respondent in his argument to the contrary. It is true that petitioner spent a large amount of his time in New York and probably obtained the greater part of his business there. We have considered these facts but, in our opinion, they do not require a different conclusion when considered with the other facts of record. The amount *275 of petitioner's traveling expenses from Arlington to New York City and return and his expenditures for lodging in New York have been agreed to by the parties. However, the amount of petitioner's "[other] business expenses" representing expenditures made by him on account of meals, entertainment, taxi fares, and general out-of-pocket expenses while in New York City has not been agreed to by the parties, and the burden of proving such amount is on petitioner. Contrary to the apparent assumption by petitioner, we can only consider as proof the evidence which is before us in the present record and cannot consider as such proof general statements concerning evidence submitted to respondent's agents in informal conferences held prior to the trial of this case. We are satisfied from the record that some such expenses were paid by petitioner and in an amount in excess of that allowed by respondent. Relying on the rule in Cohan v. Commissioner, 39 F. 2d 540, we have found the amount of such "[other] business expenses" to be the sum of $875. The issue as to the deductibility of certain sums on account of telephone charges we decide in favor of respondent because of petitioner's *276 failure to prove that respondent's determination with regard thereto was erroneous. Decision will be entered under Rule 50. Footnotes
1. Petitioner, who appeared at the trial and filed briefs pro se, seems to be under the mistaken impression that information furnished by him to respondent's agents in informal conferences, but not presented here, constitutes in some way evidence which we can consider as part of the record in this case.↩